And in support of this rule of law the court cites Doty v. Wilson, supra.

If the cases above cited correctly express the rule of law as observed in the courts of this state, then the plaintiff in the case before us should hold the judgment of the justice court, and the county court should be reversed. But it would seem that the rule as expressed in a long line of later cases fails to go so far. In Chilcott v. Trimble, 13 Barb. 508, the court says these cases "must be taken with some qualification," and approves the rule as laid down in Wennall v. Adney, 3 Bos. & P. 249. This is again said in Ehle v. Judson, 24 Wend. 98, by Bronson, J., in referring to Doty v. Wilson:

"This rule must be taken with some qualification. The moral obligation to pay a debt barred by the statute of limitations or an insolvent's discharge, or to pay a debt contracted during infancy or coverture, and the like, will be a good consideration for an express promise. But a mere moral or conscientious obligation, unconnected with any prior legal or equitable claim, is not enough."

Ingraham v. Gilbert, 20 Barb. 154:

"The rule in Eastwood v. Kenyon, 11 Adol. & E. 436, is decisive of this case. It is there held that 'a pecuniary benefit, voluntarily conferred by the plaintiff and adopted by the defendant, is not such a consideration as will support an action of assumpsit on a subsequent express promise.'"

In Goulding v. Davidson, 26 N. Y. 604, the rule as laid down in Ehle v. Judson, supra, is stated with approval.

From all the cases, I am of the opinion that the broad rule declared in Doty v. Wilson is not the rule of law accepted by the courts of this state, but rather that the rule laid down in Eastwood v. Kenyon is the adopted rule; and that rule, applied to the facts in the case before us, prevents a recovery by the plaintiff.

The contention of the learned counsel for appellant that a judgment in favor of plaintiff might be supported on the theory of a ratification by the principal of the acts of an agent is not tenable, for the reason that such ratification of an agent's acts only makes the agent's acts the acts of the principal, and does not create any liability to the agent himself.

The judgment of the county court should be affirmed.

Judgment affirmed, with costs. All concur.

---

(75 App. Div. 511.)

### HEALY v. PARTRIDGE, Police Com'r.

(Supreme Court, Appellate Division, First Department. November 7, 1902.)

1. POLICEMAN—PROCEEDINGS TO COMPEL REINSTATEMENT—LIMITATION.

Greater New York Charter, § 302, providing that proceedings to compel reinstatement of a police officer might be brought at any time within two years, was amended by Laws 1901, c. 466, so as to change the period of limitation from two years to four months; but by the express terms of chapter 466, § 1614, that chapter did not affect any right accruing prior to January 1, 1902, when the act went into effect. Hence a policeman, dropped from the rolls of the department prior to January 1, 1902, might commence proceedings for reinstatement at any time within four months after January 1, 1902, and within two years after his discharge, though more than four months thereafter.

**2. SAME—WAIVER OF RIGHT TO SALARY.**
Where an applicant for mandamus to compel his reinstatement to the police force did not commence proceedings until after the passage of Laws 1901, c. 466, amending Greater New York Charter, § 302, relative to proceedings for reinstatement, he thereby forfeited his right to salary during the period between the time his name was dropped from the rolls and the commencement of proceedings for reinstatement.

Appeal from special term, New York county.

Application for mandamus by Jeremiah J. Healy against John N. Partridge, as police commissioner, to compel relator's reinstatement on the police force. From an order denying the application, relator appeals. Conditionally reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, O'BRIEN, and LAUGHLIN, JJ.

Hyacinthe Ringrose, for appellant.

Theodore Connoly, for respondent.

McLAUGHLIN, J. The appellant, a policeman of the city of New York, was on the 17th day of June, 1901, dropped from the rolls of the police department; and on the 7th of February, 1902, he sought to procure his reinstatement by applying for an alternative writ of mandamus. His application was denied, and he has appealed.

The moving papers show—and the order appealed from is based entirely upon them, no papers having been presented in opposition at the special term—that the relator, prior to the 17th of June, 1901, was a member of the police force of the city of New York; that on or about the 1st day of June of that year he "became sick and distressed in mind and body through no fault of his own, and was allowed and granted by said police department a vacation and leave of absence of and for eighteen days"; that such leave commenced on the 1st, and terminated on the 18th, day of June, and before the expiration of it the respondent's predecessor, as police commissioner, wrongfully and illegally dropped and canceled the relator's name from the rolls of the police department, and thereby deprived him of his office, together with the rights, privileges, and emoluments incident thereto; that he had demanded reinstatement, which had been denied. His application was denied, as appears from the opinion of the learned justice sitting at special term, upon the ground that he had not made the same within the time provided by statute; that is, within four months. Prior to the 1st of January, 1902, the time within which a proceeding of this kind could be instituted was two years. Section 302, Greater New York Charter. This section was amended by chapter 466 of the Laws of 1901, and the time was thereby changed from two years to four months; but the amendment provided that the same was not to take effect until January 1, 1902. It also provided (section 1614) that:

"This act shall not affect or impair any act done, or right accruing, accrued or acquired, or penalty, forfeiture or punishment incurred prior to the time when this act takes effect, or by virtue of any laws repealed or modified by this act, but the same may be asserted, enforced, prosecuted or inflicted as fully and to the same extent as if this act had not been passed or said law had not been repealed or modified."

The learned justice inadvertently overlooked the last provision of the statute quoted. The relator manifestly had the right to apply for reinstatement at any time within four months after the amendment referred to took effect, viz., four months from January 1, 1902. This he did; and, no answer having been made to his application, the same should, under certain conditions, have been granted. He did not apply until the amendment took effect, and we are of the opinion that he thereby forfeited his right to salary during that time. He knew, and was bound to take notice of, the provisions of the amendment.

The order appealed from, therefore, must be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs, upon condition, however, that the appellant waives all claim to salary from the time he was dropped from the rolls to the date of his application for reinstatement; and, unless such waiver be given, the order appealed from is affirmed, with $10 costs and disbursements. All concur.

---

### SCHWICKERT v. LEVIN.

(Supreme Court, Appellate Division, Second Department. November 14, 1902.)

1. WITNESSES—MEMORANDA—REFRESHING MEMORY—PRODUCTION FOR CROSS-EXAMINATION.

Where letters were used by a witness on direct examination to refresh his memory as to the date of material conversations, their production should have been compelled for the use of opposing counsel on cross-examination.

Appeal from municipal court, borough of Brooklyn, Third district.

Action by Philip Schwickert against Isaac Levin. From a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

Louis J. Altkrug, for appellant.

K. C. McDonald (M. V. McDonald, on the brief), for respondent.

JENKS, J. This action is to recover the contract price for goods sold and delivered. The answer was a general denial and breach of the contract. During the trial the defendant admitted the delivery of the goods, but contended that there had been a breach, in that the contract was entire. The defendant ordered a quantity of different kind of iron plates from the plaintiff. The plaintiff testifies that the original terms were payment at 10 days, but that the contract was subsequently modified so as to permit delivery by installments, each installment to be paid for before the delivery of the next installment. This action is to recover for an installment. I think that the judgment must be reversed solely on an erroneous ruling of the court. The bookkeeper of the plaintiff testified to certain conversations between him, representing the plaintiff, and the defendant. He was asked whether he had knowledge of the item of the goods in suit, and he answered that he knew of the delivery of the goods, and